IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Elisa Laing,<br><br>    Plaintiff,<br><br>v.<br><br>Tiempo Finance Company, Inc.,<br><br>    Defendant. | Case No. _____<br><br><br>Demand for Jury Trial |

**COMPLAINT**

TO THE HONORABLE COURT:

Now comes, Plaintiff, Elisa Laing ("Plaintiff"), by and through undersigned counsel, and hereby complains of Defendant, Tiempo Finance Company, Inc. ("Defendant"), alleging as follows:

**INTRODUCTION**

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and for Defendant's unlawful conduct in violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §§ 392 *et seq.*

2. The TCPA was legislated to prevent companies like Tiempo Finance Company, Inc. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop

calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Since Defendant is duly organized under the laws and is a resident of Texas, this Honorable Court has personal jurisdiction over Defendant.

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this United States District Court pursuant to both, 28 U.S.C §1391(b)(1) and (2) because Plaintiff and Defendant both reside within the Southern District of Texas and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

6. Plaintiff is a natural person residing in Harris County, in the city of Houston, Texas, and is otherwise *sui juris*. She is a "person" as defined by 47 U.S.C § 153(39).

7. Defendant is a consumer finance corporation organized under the laws of Texas with its principal place of business in McAllen, Texas.

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heirs, successors, assignees, assignors, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

11. Defendant placed collection calls and electronic texts to Plaintiff's cellular telephone at phone number (832) XXX-6626.

12. Defendant placed collection calls and electronic text messages to Plaintiff from various telephone numbers including, but not limited to, (713) 946-4510, (713) 946-6210, (956) 540-5832, (956) 540-5830, (956) 540-5831, (956) 540-5835 and (956) 540-5837.

13. Upon information and belief based on the volume, manner and frequency of the calls and texts, Defendant's communications were placed with an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls and automated texts to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Elisa Laing.

15. Defendant's automated calls and texts to Plaintiff were not for emergency purposes, as would be exempted by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about October 20, 2020 at approximately 9:43am CT, Plaintiff received a call from Defendant's company phone number (713) 946-4510, spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone and communicating in any way with her directly, since she had retained an attorney to dispute the debt.

19. In her conversation with Defendant's representative on October 20, 2020, Plaintiff revoked any consent, explicit, implied, or otherwise, Defendant may have had to call her cellular telephone and/or to receive Defendant's calls or electronic texts using an automatic telephone dialing system. Defendant's representative acknowledged Plaintiff's request.

20. Despite Plaintiff's request to cease calling her cellular phone, Defendant continued to place collection automated calls and electronic texts to Plaintiff's cellular phone after October 20, 2020.

21. Defendant continued to place collection calls to Plaintiff on her cellular telephone at least through November 19, 2020.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls and texts to her, Defendant continued to place at least twenty (20) telephone calls and twenty-three (23) electronic texts using an automatic telephone dialing system to Plaintiff's cellular telephone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(B)

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

25. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Elisa Laing, respectfully requests judgment be entered against Defendant, Tiempo Finance Company, Inc., as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: forty-three (43) for a total of twenty-one thousand five hundred dollars ($21,500.00).

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The above listed acts of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Elisa Laing, respectfully requests judgment be entered against Defendant, Tiempo Finance Company, Inc., as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein,

    to wit: forty-three (43) for a total of sixty-four thousand five hundred dollars ($64,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE TDCA
### TEX. FIN. CODE § 392.001 *et. seq.*

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

32. Defendant violated the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls and automated texts, with the intent to harass Plaintiff at the called number.

33. The aforementioned egregious conduct caused Plaintiff considerable anxiety and distress after having expressed to Defendant her dispute of the debt Defendant was trying to collect and her desire not to be called to her cellular phone, but have all her communications sent to her retained attorney.

WHEREFORE, Plaintiff, Elisa Laing, respectfully requests judgment be entered against Defendant, Tiempo Finance Company, Inc., as follows:

    a. Awarding Plaintiff statutory damages of $100.00 for knowing/willful violation of the Texas Debt Collection Act;

    b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c. Litigation costs and reasonably billed attorney's fees as Plaintiff's substantive remedy under the Texas Debt Collection Act; and

      d.   Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

Dated: November 20, 2020.

Respectfully submitted,

By: */s/ Nicholas C. Wajda*
Nicholas C. Wajda, Esq. #24106757
Counsel for Plaintiff
Wajda & Associates
5430 Lyndon B. Johnson Fwy, Suite 1200
Dallas, Texas 75240
(214) 396-6008 (phone)
(866) 286-8433 (fax)
nick@wajdalawgroup.com